IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. CALDWELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HENNESSEY,<br><br>Defendants. | No. C 09-1775 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docket No. 2) |

Plaintiff, a prisoner at the San Francisco County Jail in San Francisco, California, has filed a civil rights complaint complaining about a violation of his rights under the Establishment Clause. Plaintiff has filed a motion to proceed *in forma pauperis* (docket no. 2), which is GRANTED in a separate order filed simultaneously. In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.

## DISCUSSION

Plaintiff has filed a complaint which alleges that he has been forced to listen to religious programming in the form of Christian gospel music and Sunday morning religious services. Plaintiff alleges that there is nowhere that he has been housed where he can "get away" from the forced broadcast of this programming, however he does not specify whether this is because the programming is played on a television in a public area or whether the programming is broadcast throughout the jail. While Plaintiff's complaint states that "Deputies" controlled the choice of programming, he does not

identify who it is that subjected him to this programming. Plaintiff has only named Sheriff Michael Hennessy as a Defendant in this action. However, the complaint fails to set forth any allegations against Defendant Hennessey. Therefore, the complaint is dismissed with leave to amend as set forth below.

I Standard of Review

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II Legal Claims

  Plaintiff's complaint challenges the "forced broadcast of [religious] programming" within the San Francisco County Jail. However, in his complaint, Plaintiff does not make clear how the only named Defendant, Michael Hennessy, has violated his constitutional rights.

  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct

any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Plaintiff's complaint fails to provide a short and plain and separate statement regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the specific conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what any named Defendant did or did not do in order to state a claim against them. As such, Plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, Plaintiff must establish legal liability of each person named as a Defendant for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employee named, Defendant Hennessey, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A

supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff must allege facts which clearly and briefly identify the injury he personally suffered, or continues to suffer, as a result of the alleged actions of named individual Defendants. Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. The amended complaint should comply with Rule 8 and identify how any named Defendant is responsible. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

4

1 | 506 U.S. 915 (1992).

2 |     3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: October 8, 2009

*(signature)*

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

JOSEPH M CALDWELL,　　　　　　　　　　　Case Number: CV09-01775 JSW

　　　　Plaintiff,　　　　　　　　　　　　　　**CERTIFICATE OF SERVICE**

　v.

MICHAEL HENNESSEY et al,

　　　　Defendant.
　　　　　　　　　　　　　　　　　/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph M. Caldwell
2277685
850 Bryant Street
San Francisco, CA 94103

Dated: October 8, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk